UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: INDUSTRIAL PRINT TECHNOLOGIES, LLC,
PATENT LITIGATION                                                                                   MDL No. 2614


**TRANSFER ORDER**


**Before the Panel**: Defendants Hewlett Packard Company (HP) and O'Neil Data Systems, Inc. move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York or, alternatively, the Northern District of Texas. This litigation currently consists of ten actions pending in six districts, as listed on Schedules A and B. The actions involve patented technology used in large-scale commercial printers and, in particular, whether HP, HP customers, or various Canon entities[1] have engaged in conduct that infringes on the patents or otherwise violates the patent and licensing rights held by Industrial Print Technologies, LLC (IPT); Tesseron Ltd.; and Forrest P. Gauthier (collectively, the patent holders).[2] Seven of the ten actions involve HP's accused printing presses; two concern Canon's accused Océ printing systems; and one is a contract action between Canon Inc., Canon U.S.A., and the patent holders as to Canon Inc.'s alleged rights to sublicense the patents at issue to Canon Inc. affiliates under a 2005 license agreement.

Four defendants that allegedly use the accused HP products – Cenveo, Inc.; Fort Dearborn Company; Quad/Graphics, Inc.; and Vistaprint USA, Inc.– join the motion to centralize all ten actions in the Southern District of New York. IPT, Tesseron, and Gauthier support centralization of the seven actions that involve HP (the Schedule A actions), but oppose inclusion of the three Canon/Océ actions (the Schedule B actions). They also contend that the Eastern District of Texas is the appropriate transferee court. Canon U.S.A., Canon Solutions America, and Océ take no position on centralization of the HP actions, but oppose inclusion of any Canon/Océ actions. Alternatively, they propose centralization in the Southern District of New York, but still to the

---

[1] Canon Inc., Canon U.S.A., Inc., Canon Solutions America, Inc., and two Océ subsidiaries (Océ N.V. and Océ North America, Inc.).

[2] The patents at issue, which collectively are referred to as the "Gauthier" patents (after the last name of the inventor or lead inventor), fall into two families: (1) variable data printing (VDP) patents, which focus on data usage optimization to facilitate rapid processing of documents with variable data fields; and (2) inkjet synchronization patents, which focus on synchronization of multiple inkjet printheads within an inkjet printing press. The VDP patents are U.S. Patent Nos. 5,729,665 ('665 patent), 5,937,153 ('153 patent), 6,381,028 ('028 patent), 6,771,387 ('387 patent), 7,274,479 ('479 patent), and 7,333,233 ('233 patent). The inkjet synchronization patents are U.S. Patent Nos. 6,027,195 ('195 patent), 6,145,946, ('946 patent), and 6,493,106 ('106 patent).

-2-

exclusion of the *Canon Inc.* contract action. The parent company, Canon Inc., also opposes inclusion of the contract action under any circumstances.

All parties agree, or do not dispute, that centralization of at least the seven HP actions is warranted, based on the overlap in asserted patents and accused products and HP's status as a common defendant in those actions. Indeed, six of the seven HP actions assert Gauthier patents that all fall within a single patent family, the variable data printing patents, and HP Inkjet web presses are at issue in all seven actions.

The parties' arguments over centralization focus principally on whether inclusion of the three Canon/Océ actions in Schedule B is appropriate. The Canon entities and patent holders contend that the advanced procedural status of those actions will complicate case management and cause inefficiencies if they are included. They note that (1) in the *Océ* infringement action, claim construction discovery on the two patents at issue closed in early 2012, a final claim construction order was issued in October 2012, and the action has been stayed pending patent reexamination proceedings;[3] and (2) in the *Canon Inc.* contract action, discovery is scheduled to close at the end of this month, and fully briefed cross-motions for partial summary judgment on the central issues are pending.[4] They also note that the *Canon U.S.A.* infringement action involves sublicense defenses that rest on the outcome of the *Canon Inc.* contract action. The Canon entities and patent holders point out that this relationship requires coordination of the two New York actions before the same judge, which already has been effectuated in the Southern District of New York. In contrast, the HP actions remain at an early stage – five of the seven actions were filed in the past three months. Further, claim construction discovery is ongoing in all HP actions, and a claim construction hearing has not yet been held.

We find that that centralization of the Canon actions with the HP actions is unlikely to result in the just and efficient conduct of the litigation as a whole. *See In re: Louisiana-Pacific Corp. Trimboard Siding Mktg., Sales Practices & Prods. Liab. Litig.,* 867 F. Supp. 2d 1346, 1346 (J.P.M.L. 2012) ("Where there is such a significant procedural disparity among the subject actions, the Panel will take a close look at whether movants have met their burden of demonstrating that centralization will still serve the purposes of Section 1407."). The potential to reduce duplicative discovery and motion practice in the Canon actions is limited, if any, considering the advanced status of discovery and substantive motions in those proceedings. Additionally, two of the Canon actions involve significant sealed proceedings, which would further complicate the conduct of centralized pretrial proceedings with the HP actions.

The likelihood that inclusion of the Canon actions would create efficiencies is further diminished because the Canon and HP actions do not share significant issues of fact. The overlap

---

[3] *See Tesseron, Ltd. v. Océ N.V.*, 2012 WL 6951925 (M.D. Fla. Oct. 12, 2012).

[4] *Canon Inc. v. Tesseron, Ltd.*, C.A. No. 14-05462, Order Modifying Scheduling Order (S.D.N.Y. Feb. 11, 2015).

-3-

among the asserted patents is limited.[5] Moreover, the *Canon Inc.* contract action shares few, if any, factual issues with the HP actions. The central issues in that action include whether Tesseron validly terminated its license agreement with Canon Inc., whether the parties to the agreement complied with their obligations, and whether Canon U.S.A. has a valid sublicense for certain patents under the agreement. None of those issues affects resolution of the HP actions. Additionally, the contract action will not require any patent claim construction or raise patent validity issues that might overlap with the HP actions.

On the basis of the papers filed and the hearing session held, we find that the actions involving the Hewlett Packard Company, as listed on Schedule A, involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions about the alleged infringement, validity, and enforcement of one or more Gauthier patents in the field of large-scale industrial printing machines and, in particular, whether the accused HP printing presses infringe on certain Gauthier patents concerning variable data printing and inkjet synchronization.[6] Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Northern District of Texas is an appropriate transferee district for this litigation. Although there is no single location that will be convenient for all parties to all underlying actions, several accused infringers have operations in or near this district, and Dallas provides an easily accessible location. The Northern District of Texas also is participating in the national Patent Pilot Program, and Judge Barbara M.G. Lynn, to whom we assign this action, is one of the judges participating in that program. She is an experienced jurist who has presided over complex patent litigation, and we are confident that she will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Texas are transferred to the Northern District of Texas and, with the consent

---

[5] The *Canon U.S.A.* infringement action – the only Canon action in which claim construction remains incomplete – involves just three of the nine patents at issue. Only one of the HP actions involves any of these three patents.

[6] The variable data printing patents at issue in these actions are: the '665 patent, the '153 patent, the '028 patent, the '479 patent, and the '233 patent. The inkjet synchronization patents at issue are: the '946 patent and the '106 patent. The Panel observes that the inkjet synchronization patents are involved in only one action, and thus present somewhat less overlap, but agrees with HP and the patent holders that inclusion of that action is warranted because it involves overlapping HP accused products and it previously was consolidated for pretrial proceedings by the Eastern District of Texas court with three other actions on Schedule A.

-4-

of that court, assigned to the Honorable Barbara M.G. Lynn for coordinated or consolidated pretrial proceedings with the action pending there.

IT IS FURTHER ORDERED that transfer of the actions listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: INDUSTRIAL PRINT TECHNOLOGIES, LLC,
PATENT LITIGATION                                           MDL No. 2614

## SCHEDULE A

District of Delaware

INDUSTRIAL PRINT TECHNOLOGIES LLC v. VISTAPRINT USA, INC., ET AL.,
C.A. No. 1:15-00049

Northern District of Illinois

INDUSTRIAL PRINT TECHNOLOGIES LLC v. FORT DEARBORN COMPANY,
ET AL., C.A. No. 1:15-00467

Eastern District of Texas

INDUSTRIAL PRINT TECHNOLOGIES LLC v. O'NEIL DATA SYSTEMS, INC.,
ET AL., C.A. No. 2:14-00048
INDUSTRIAL PRINT TECHNOLOGIES LLC v. O'NEIL DATA SYSTEMS, INC.,
ET AL., C.A. No. 2:14-00892
INDUSTRIAL PRINT TECHNOLOGIES LLC v. O'NEIL DATA SYSTEMS, INC.,
ET AL., C.A. No. 2:15-00020
INDUSTRIAL PRINT TECHNOLOGIES LLC v. QUAD/GRAPHICS, INC., ET AL.,
C.A. No. 2:15-00025

Northern District of Texas

INDUSTRIAL PRINT TECHNOLOGIES LLC v. CENVEO, INC., ET AL.,
C.A. No. 3:15-00165

IN RE:  INDUSTRIAL PRINT TECHNOLOGIES, LLC,
PATENT LITIGATION                                          MDL No. 2614


**SCHEDULE B**


    <u>Middle District of Florida</u>

    TESSERON, LTD. v. PUNCH INTERNATIONAL NV, ET AL., C.A. No. 6:10-00909

    <u>Southern District of New York</u>

CANON, INC., ET AL. v. TESSERON LTD., ET AL., C.A. No. 1:14-05462
INDUSTRIAL PRINT TECHNOLOGIES LLC v. CANON U.S.A., INC.,
      C.A. No. 1:15-00672